IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PANHANDLE AREA COUNCIL, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. CV05-260-N-EJL |
| ) | |
| vs. ) | ORDER |
| ) | |
| STATE OF IDAHO, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |

On June 30, 2005, Plaintiffs, Panhandle Area Council, Region IV Development, and Southeast Idaho Council of Governments, Inc., filed in state court a Verified Complaint for an Injunction and a Motion for Temporary Restraining Order seeking to enjoin Defendants, State of Idaho, et al., from any interruption of Plaintiffs' designations as Workforce Investment Areas. On the same day, Defendants removed the lawsuit to federal court, alleging that Plaintiffs' Verified Complaint was "based exclusively on federal questions," and invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

Subsequently, the Defendants filed a Motion to Dismiss, arguing among other things that the Court lacked subject matter jurisdiction because Plaintiffs had failed to exhaust their administrative remedies under the Workforce Investment Act of 1998 ("WIA"). See generally Winter v. California Medical Review, Inc., 900 F.2d 1322 (9th Cir. 1989) (explaining that request for injunctive relief is not ripe for federal court review until plaintiff has exhausted administrative remedies). In response, the Plaintiffs filed a Motion to Remand, agreeing that any federal question under the WIA was not ripe for review by the federal courts, but contending that the injunctive relief Plaintiffs' sought under the Verified Complaint was not based on a federal question but instead on state law. (Pls.' Motion to Remand at p. 5 (stating that "No Federal Question Alleged or Ripe At This Time" because "there is no federal question or subject matter jurisdiction until such time as the administrate appeal process is completed" and that "any federal question . . . would arise at the

ORDER - Page 1
05ORDERS\Panhandle_Ord

completion of the administrate review process.")). Consequently, the Plaintiffs maintain that this Court does indeed lack subject matter jurisdiction and that this case should be remanded to state court forthwith. (Id.).

As Plaintiffs note in the Motion to Remand, the "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "Only actions that originally could have been filed in federal court may be removed to federal court by the defendant." Audette v. ILWU, 195 F.3d 1107, 1111 (9th Cir.1999). In making this determination, it is well established that the "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. "The plaintiff is the 'master of the claim' and may avoid federal jurisdiction by 'exclusive reliance on state law.'" Id.

Contrary to Plaintiffs' assertions, it is obvious that the injunctive relief sought under the Verified Complaint is based, at least in part, on federal law. For example, in several instances, the Verified Complaint alleges that Defendants have violated the WIA. (See e.g., Pls.' Verified Comp. ¶¶ 1.11, 1.12 & 1.14). Because of these alleged violations of federal law, the Plaintiffs contend they are entitled to an order that enjoins Defendants from interrupting Plaintiffs' administration of "Federal WIA funds." (See e.g., Pls.' Verified Comp. ¶ 2.3). On the other hand, the Verified Complaint does not reference, mention, or rely in any expressed way on state law. In the Motion to Remand, Plaintiffs appear to imply that is not necessary to cite to a specific state law because all they are required to do in the Idaho court is demonstrate that they are suffering irreparable harm. Plaintiffs, however, are mistaken in this regard. Without "any authority under the common law, Idaho statutes, or

Idaho case law supporting a cause of action" a party is not entitled to any relief.[1] See Nampa Charter School, Inc. v. DeLaPaz, 89 P.3d 863, 868 (Idaho 2004) (holding that plaintiff is not entitled to a permanent injunction and instead that claim should be dismissed where plaintiff is requesting relief pursuant to "a non-existent cause of action[,] unsupported by the common law, Idaho statutes, or Idaho case law."). Nevertheless, the Court recognizes that the initial determination of the merits of Plaintiffs' right to relief under state law should, as a matter comity, be left to the Idaho court. See Acri v. Varian Assoc., Inc., 114 F.3d 999, 1001 (9th Cir. 1997).

In sum, the Court finds that Plaintiffs' Verified Complaint is based, at least in part, on federal law and therefore Defendants' removal was proper. As Plaintiffs concede, the federal based claims are not ripe for review and therefore the federal claims shall be dismissed. See Municipality of San Juan v. Human Resources Occupational Development Council, 371 F. Supp.2d 52 (D. Puerto Rico 2005). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Acri., 114 F.3d at 1001 (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)). Because any state law claim raised by Plaintiffs' Verified Complaint necessarily involves novel and complex issues of Idaho law, the Court finds as a matter of comity that any and all state law claims should be addressed by the state court. See Holly D. v. Cal. Inst. of Tech., 339 F.3d 1158, 1181 n.28 (9th Cir.2003). Accordingly, the Court declines to exercise jurisdiction over any supplemental state law claims and will remand this action to state court. Id. The state court, then, must decide if it is appropriate to resolve the remaining pending motions, including the Motion for Temporary Restraining Order.

---

[1] Plaintiffs also seem to assume that they have standing to seek redress on behalf of the WIA participants. (See e.g., Mem in Supp. of Pls.' Mot. for TRO at p. 2 (stating that the" verified Complaint and Affidavits establish a prima facie case that Plaintiffs **and its customers** will suffer irreparable harm" (emphasis added)). However, Plaintiffs make no showing to demonstrate why they, rather than Defendant State of Idaho, should represent the interest of WIA recipients. See Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 675 (9th Cir. 1988). Moreover, Plaintiffs make no effort to demonstrate the requisite "likelihood of success on the merits." Id. at 674. For all these reasons, if ripe for resolution, Plaintiffs' Motion for Temporary Restraining Order would not likely be granted by this Court.

## ORDER

Based on the foregoing, and the Court being fully advised in the premises, it is **HEREBY ORDERED** that

1. Plaintiffs' Motion to Remand (docket no. 6) is **DENIED**;

2. Defendants' Motion to Dismiss (docket no. 4) is **GRANTED** with regard to the Plaintiffs' federal based claims; and

3. Plaintiffs' Motion to Strike (docket no. 7) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that any state law claims and the above-entitled action are **REMANDED** to the district court of the First Judicial District of the State of Idaho, In and For the County of Kootenai, No. CV-05-4951 and the Clerk shall mail a certified copy of this Order to the Clerk of the aforesaid Idaho state court.

DATED: **July 15, 2005**

Honorable Edward J. Lodge
U. S. District Judge

ORDER - Page 4
05ORDERS\Panhandle_Ord